## (June 7, 1962)

■ BETH-EL HOSPITAL, INC., Respondent, v. LEON DAVIS, Individually and as President of Drug & Hospital Employees Union, Local No. 1199, AFL–CIO, et al., Appellants, et al., Defendants.— In an action by plaintiff hospital to permanently enjoin defendants, who are officers and agents of the Drug & Hospital Employees Union, from interfering with the maintenance and operation of the hospital, by picketing, striking, intimidation and other related activities, three of the union's officers (Davis, Godoff and Dubin) appeal from an order of the Supreme Court, Kings County, dated May 29, 1962, which adjudged them in contempt and directed their commitment by reason of their violation of two prior court orders, dated respectively, February 5, 1962 and May 25, 1962, temporarily restraining them from engaging in, causing or authorizing such picketing, striking and intimidation pending the determination of the hospital's motion for an injunction *pendente lite*. Order affirmed, without costs. In support of the order the following additional findings are made: (1) that the said three defendants (Davis, Godoff and Dubin) had sufficient notice of the charge that they violated the two prior court orders by engaging in or authorizing or causing such picketing; (2) that they had a reasonable opportunity to defend themselves upon such charge; (3) that, despite such notice and opportunity, they deliberately elected not to offer any explanation in their defense or to offer any evidence to contradict the proof submitted by plaintiff; (4) that the proof submitted showed that said defendants deliberately violated the two prior court orders; and (5) that, as disclosed by the minutes of the hearing held May 29, 1962, the fact of such violation and continued picketing was not disputed by them. The defendants contend that they did not have an adequate opportunity to prepare their defense because on the return day of the motion the court refused their request for an adjournment. This contention is untenable. Under the circumstances here, and especially in view of the immediate irreparable injury to the great number of patients and to the public caused by the continued picketing and interference with the operation of the hospital, we believe that the court properly exercised its discretion in denying the requested adjournment. We are also of the opinion that such denial did not prevent defendants from preparing or offering their defense. There is no doubt that the defendants are entitled to notice of the charge and a reasonable time to make a defense. But what " constitutes sufficient notice and reasonable time to make a defense depends upon the particular circumstances of each case" (*Matter of Spector* v. *Allen*, 281 N. Y. 251, 256). Here, the record discloses that defendants had adequate

notice and ample opportunity to prepare any defense which they might have, and to be heard with respect thereto. It is clear, moreover, that they had no defense. At the hearing (held May 29, 1962, the return day of the motion) the continuance of the picketing in disregard of the two prior court orders was virtually conceded. The defendant Davis, although present and sworn as a witness, remained mute; he did not deny or refute the charge as to the continuance of the picketing or as to its authorization by him and the other two named defendants. Indeed, as shown by the minutes of said hearing, the defendants were most adamant in their refusal to halt such picketing, when the court offered to grant their requested adjournment on that condition. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.